
FILED
JANUARY 23, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN C. WALKER, PRO SE, § | | |
| also known as § | | |
| STEPHEN CLAYTON WALKER, § | | |
| TDCJ-CID No. 1417300, § | | |
| Previous TDCJ-CID No. 701711, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0084 | |
| § | | |
| JOE S. NUNN ET AL., § | | |
| § | | |
| Defendants. § | | |

### REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL

Plaintiff STEPHEN C. WALKER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against various named defendants employed by or associated with the Texas prison system and has been granted permission to proceed in forma pauperis. On December 29, 2008, plaintiff filed an amended complaint by which he added three defendants, SHAWN WATSON, KENNETH BURKETTE, and JOYCE VANDERBURG.

Plaintiff claims that, since his May 2, 2007 assignment to the Jordan Unit, he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment by being subjected to a schedule and to conditions of staff misconduct knowingly maintained by defendants in order to deprive or which have the effect of depriving him of the minimum amount of sleep necessary for reasonable maintenance of health.

Plaintiff requests injunctive relief in the form or an order that prisoners be provided the opportunity to receive at least seven hours of uninterrupted sleep; nominal, punitive, and compensatory damages, costs. Plaintiff also requests that defendant QUARTERMAN and the Texas Department of Criminal Justice be ordered to "create and adopt a policy that ensures prisoners receive adequate sleep as recognized by the medical community and current standards of decency."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

proceed to answer by defendants.

## THE LAW AND ANALYSIS

By his Amended Complaint, plaintiff alleges he fell asleep at work on February 1, 2008, hitting his head on the lathe or mill and cutting his scalp open. Plaintiff says he was escorted to the infirmary by defendant VANDERBURG and that, while they waited, she asked him what had happened, thinking he had been in a fight. Plaintiff states he told her he fell asleep at work because he wasn't able to sleep at night due to his schedule and all the noise from staff and other inmates. Plaintiff told her he had been complaining of the matter for the previous six months. Plaintiff alleges she only responded, "the institution must run." Later, he says, she ordered that plaintiff be written a disciplinary report for falling asleep at work. Plaintiff states that, although she is a supervisor, she took no action to notify the administration and other prison officials of plaintiff's sleep deprivation and was deliberately indifferent to his complaint. Plaintiff does not state what defendant VANDERBURG supervises or how she could have afforded him any relief.

A prisoner asserting a claim that conditions of confinement constituted cruel and unusual punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

Plaintiff has alleged no fact showing defendant VANDERBURG had knowledge of anything except plaintiff's subjective complaints to indicate he was being deprived of sleep. Those complaints are not sufficient to place her on notice of an excessive risk to his safety. Further, even if she credited his complaints, her response to them does not show she made the necessary inference of the existence of a substantial risk of serious harm to plaintiff. Plaintiff has not alleged facts showing the risk of harm was sufficiently obvious that her knowledge must be inferred.

Plaintiff has failed to state a claim of deliberate indifference against defendant VANDERBURG on which relief can be granted. At best, plaintiff's allegations might state a claim of negligence, if even that; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim.").

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 28 U.S.C. 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed

pursuant to Title 42, United States Code, section 1983, by plaintiff STEPHEN C. WALKER against defendant JOYCE VANDERBURG BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of January, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **<u>NOTICE OF RIGHT TO OBJECT</u>** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).